UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM E. PACE,

      Plaintiff,

v.                                    Case No:  6:12-cv-300-Orl-37TBS

MARK S. PETERS, EISENMENGER,
BERRY & PETERS, P.A., BLUE, LLC,
MARTIN GREENE, CITY OF COCOA
BEACH, MARK AMARAL and ANTHONY
CARAVELLA,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

The following motions are before this Court for resolution:

1.  Plaintiff's original Motion for Default Judgment Against Defendant Blue LLC (Doc. 15);

2.  Plaintiff's Amended Motion for Default Final Judgment by the Court Against Defendant Blue LLC (Doc. 40);

3.  Defendants Mark S. Peters, Eisenmenger, Berry & Peters, P.A., Blue LLC, and Martin Greene's Motion to Dismiss With Prejudice or in the Alternative, Motion for Judgment on the Pleadings (Doc. 41);

4.  Plaintiff's original Motion to Strike Defendant Blue LLC's Motion to Dismiss Filed on September 2, 2011 and Defendant Blue LLC's Motion to Dismiss Filed on January 18, 2012 (Doc. 46);

5.  Defendants Cocoa Beach, Mark Amaral and Anthony Caravella's Motion to Dismiss and Motion for More Definite Statement (Doc. 51);

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

6.  Plaintiff William Pace's Renewed Motion to Strike All Three Motions to Dismiss Filed on Behalf of Defaulted Defendant Blue LLC (Doc. 56); and

7.  Plaintiff William Pace's Motion for an Enlargement of Time to Comply with Local Rule 3.05 Regarding a Case Management Conference (Doc. 66).

Upon consideration of all relevant filings, case law, and being otherwise fully advised, I respectfully recommend that the motions be ruled on as follows.

## I.  Background

On June 6, 2011, William E. Pace ("Plaintiff") filed a civil action in the Circuit Court in and for Brevard County, Florida against Mark S. Peters, Eisenmenger, Berry & Peters, P.A., Blue, LLC, Martin Greene (collectively "Non-City Defendants"), and City of Cocoa Beach, Mark Amaral and Anthony Caravella (collectively "City Defendants"). [2] Plaintiff challenged a state court judgment entered against William E. Pace, Trustee of the Earl H. Pace Irrevocable Trust in an underlying state action: <u>Blue LLC v. William Pace, a/k/a William E Pace, a/k/a Earl Pace, a/k/a Earl W. Pace, and The Earl H. Pace Irrevocable Trust, William E. Pace Trustee</u>, 05 2007 CA 024581-XXXX-XX (Fla. Cir. Ct. 2007) on May 15, 2009 (the "Original State Action").  (Doc. 76-1 at 19-48).  Plaintiff amended his complaint once on June 14, 2011 and again on January 9, 2012.  <u>See</u> (Doc. 76-1 at 14, 16).  The action was removed to federal court on February 22, 2012.  (Doc. 1). Plaintiff's second amended complaint–which is the operative complaint for this federal action– contains an array of state law claims and federal allegations based on 42 U.S.C. §§ 1983 and 1985(3).  (Doc. 39). Plaintiff maintains that the causes of action "[a]ll directly relate[ ] to a single dispute, that of a land title claim arising between Plaintiff William Pace, and Defendant Martin Greene, and his criminal bank fraud enterprise." (<u>Id.</u> at 1).  Hereafter,

---

[2] Case Number: 05-2011-CA-031265-XXXX-XX (Fla. Cir. Ct. 2011). (Doc. 76-1 at 14).

the land in question is referred to as the "Property."  The Court heard oral argument on the

pending motions on August 20, 2012. (Doc. 74).

II.  Discussion

### A.  Motions To Dismiss

The evidence of record supports at least three (3) alternative grounds for dismissal

of this action.

a.  Plaintiff Has Not Established Standing to Bring this Action

Plaintiff has not established that he has a legal interest in the Property now, or that

he had one at the time the judgment in the Original State Action was entered.  A plaintiff in

a federal action must first establish that he has standing to assert his claims.  "[S]tanding is

a threshold test that, if satisfied, permits a federal court to proceed to the question of

whether a plaintiff has a cause of action." Florida Ass'n of Med. Equip. Dealers v. Apfel,

194 F.3d 1227, 1230 (11th Cir. 1999); see also Access for the Disabled, Inc. v. Square,

LLC, Case No. 6:07-cv-193-Orl-28JGG, 2007 U.S. Dist. LEXIS 99118, at *3-4 (M.D. Fla.

Oct. 4, 2007) (A standing inquiry invokes Fed. R. Civ. P. 12(b)(1) because "standing is a

defect in subject matter jurisdiction.").  In determining whether a plaintiff has standing, a

district judge must consider many factors, foremost is whether the plaintiff suffered "an

invasion of a legally protected interest," otherwise known as an "injury in fact."  Doe v.

Pryor, 344 F.3d 1282, 1285 (11th Cir. 2003) (quoting Lujan v. Defenders of Wildlife, 504

U.S. 555, 560-61 (1992)).  A plaintiff who initiates a lawsuit in his individual capacity must

establish standing to invoke the court's jurisdiction in that capacity.  See Bender v.

Williamsport Area Sch. Dist., 475 U.S. 534, 542 (1986) ("Since the judgment against Mr.

Youngman was not in his individual capacity, he had no standing to appeal in that

capacity."); Kermanj Found. v. Broward Cnty. Prop. Appraiser's Office, Case No. 09-

61540-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 35024, at *10-11 (S.D. Fla. April 9, 2010) ("Dr. Kermanj would have to have standing to pursue the claims in his own individual capacity.  Since the property tax exemption in the underlying state court proceedings apparently relates to property owned by the Kermanj Foundation and not Dr. Kermanj, there would not appear to be such standing.").

The crux of Plaintiff's federal claim is that he had some personal interest in the Property that was extinguished by the final judgment in the Original State Action.  At a hearing I conducted, Plaintiff advised that his objective in this federal lawsuit is to:

> [G]et the court to acknowledge that that [the state court] judgment was obtained through fraud and it does not take any of my property and give it to Martin's straw buyer and I would get compensation and damages for the malicious acts that Cocoa Beach has put upon me in an attempt to help Martin Greene in his uh, agenda.

Despite his averments, Plaintiff has not established that the judgment in the Original State Action deprived him of any legal interest in the Property or was the cause of some other injury sustained by him, individually.  The evidence shows–and Plaintiff conceded at the hearing–that he was not the original purchaser of the Property.  (Doc. 68-1 at 3). Plaintiff's father, Earl Pace, purchased the Property as a joint tenant (with full rights of survivorship) with David Errico on September 2, 1999.  (Id.)  Earl Pace transferred his interest in the Property to "William Pace, Trustee" on December 7, 1999.  (Doc. 68-2 at 4; Doc. 71-1 at 1; Doc. 76-1 at 11; Doc. 77-1 at 16).  On February 12, 2000, Earl Pace and David Errico executed a quitclaim deed conveying the Property to L.J. Harding (in exchange for consideration), who, in turn, transferred it to Blue LLC on March 22, 2001. (Doc. 68-2 at 6-7; Doc. 71-1 at 3; Doc. 76-1 at 13; Doc. 77-1 at 15, 20).

Plaintiff challenges the validity of the February 2000 Pace-Errico/Harding transfer on the ground that the deed was a "cut and pasted forgery." (Doc. 71 at 2).  Plaintiff alleges that his personal legal interest in the Property is derived from the 1999 transfer from his father.  See (Doc. 71 at 2) (Plaintiff states that "[i]n accordance with Florida Law, the Court found that the deed named an unrecorded, undisclosed Trust, and therefore title to the property was properly in William Pace, Individually.").  On February 15, 2006, Plaintiff executed a deed in which he transferred a one-half interest in the Property from himself, as an individual and as trustee, to the Earl H Pace Irrevocable Trust, with "William E. Pace, as Trustee." [3]  (Doc. 68-2 at 8; Doc. 77-1 at 18).

On May 15, 2009, after considering the evidence in a non-jury trial, Judge David Dugan entered a written final judgment in the Original State Action. Judge Dugan ruled that Blue LLC

> [I]s the legal and equitable owner of the real property described as
>> Lots 7, 8, and 9, Block 24B, PLAT OF CLEGGMOOR SUBDIVISION OF COCOA BEACH, according to the Plat thereof, as recorded in Plat Book 10, at Page 32, of the Public Records of Brevard County, Florida.
>
> Title to said property as it concerns any claim to title by Defendants William Pace, a/k/a William E. Pace, a/k/a Earl Pace, a/k/a Earl W. Pace and the Earl H. Pace Irrevocable Trust, William Pace, Trustee, is hereby quieted solely in Blue LLC[.]  The Defendants have no legal or equitable title or ownership interest in the above-described real property.

---

[3] At a hearing on March 5, 2012, in the Original State Action, Plaintiff challenged Defendants' ability to enforce the judgment and argued that he is not a trustee, and never has been a trustee, of the entity against whom the judgment was entered: the Earl H. Pace Irrevocable Trust.  (Doc. 68-1 at 15, 18); see also (Doc. 68-3).  Plaintiff's current position is not consistent with the position he has taken here in federal court and weighs against a finding that he has standing to challenge the judgment.

(Doc. 76-1 at 2; Doc. 77-1 at 74). Prior to entering his written judgment, Judge Dugan announced his decision in open court.  Regarding the issue of the allegedly forged deed, he held that:

> Of all the facts most clearly established in this case to me is the fact that the deed as reflected at Tab 4 was not cut, not pasted, not jimmied in any way, and was in fact executed as presented and as testified by William Pace.  That being said, the property went out of Errico and William Pace to Harding and Harding on eventually to Blue LLC.  Blue LLC is the record title owner.  To comment, I have to weigh the credibility that the logic and all other factors of the testimony and put it all together, both the expert and non-expert testimony, and draw that conclusion that the quit claim deed, Tab 4, I believe that's the number, was in fact a valid deed.  Looking at the witnesses, looking at the information from the clerk and the experts all together, I draw that conclusion.

(Doc. 62 at 7-8; Doc. 77-1 at 67-68).

On December 3, 2010, the Florida Fifth District Court of Appeal affirmed the judgment as to William E. Pace, as Trustee of the Earl H. Pace Irrevocable Trust, but remanded the case to the trial court to determine whether William E. Pace, as an individual, was a party to the proceeding.  (Doc. 76-1 at 9-10; Doc. 77-1 at 28-29).  On June 12, 2012, Circuit Judge Mahl, on remand, ruled that William E. Pace, as an individual, was not a party to the lawsuit.[4]  (Doc. 68-1 at 2-3) ("[I]n consideration of the Pleadings and previous Orders of this Court, William E. Pace, individually is not a party to this lawsuit and is not a proper judgment debtor in his individual capacity."); see also (Doc. 77-1 at 78-79). [5]

---

[4] The record establishes that at some point early in the case, Plaintiff might have been a party then dismissed (Doc. 76-1 at 9-10; Doc. 77-1 at 22, 28-29, 50-54).

[5] I have considered whether the Rooker-Feldman doctrine applies to bar Plaintiff's case in this federal court.  It does not.  The doctrine holds that no federal court other than the United States Supreme Court may conduct an appellate review of a state court decision unless Congress specifically permitted it to do so. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Eleventh Circuit has consistently held that a federal court lacks subject matter jurisdiction to "review, reverse, or invalidate a final state court decision" when the following factors are present:

Judge Mahl modified the final judgment and removed "William Pace, a/k/a William E. Pace, individually" as a judgment defendant.  (Id.).

Plaintiff has failed to rebut the record evidence that shows that any legal interest he may have had in the Property was extinguished on February 12, 2000, when the Property was conveyed to L.J. Harding.  Based upon Plaintiff's inability to demonstrate that an invasion to his legal interest in the Property has occurred, I respectfully recommend that this action be dismissed for Plaintiff's lack of standing.[6]

### b.  If Plaintiff had Standing, he would be Collaterally Estopped from Challenging the Validity of the February 2000 Deed

If Plaintiff established standing to bring this federal action–either  by showing that he was a party to the judgment or that he was in privity with a party to the judgment[7]–he would be collaterally estopped from challenging the validity of the February 2000 deed that conveyed the Property to L.J. Harding.  Collateral estoppel "will preclude re-litigation of an issue when '(1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction.'"  Wingard v. Emerald Venture Fla., LLC, 438 F.3d 1288, 1293 (11th Cir. 2006).

---

(1) The party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Parker v. Potter, 368 F. App'x. 945, 948 (11th Cir. 2010) (citing Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003)); Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).  The state trial court–upon remand from the court of appeals–found that Plaintiff was not a party to the State Action.  Therefore, because the first prong is not met, I find that the Rooker-Feldman doctrine does not apply and further analysis of this issue is unnecessary at this time.

[6] Plaintiff has not argued–and I do not find–that third-party standing applies in this case.

[7] Under Florida law, "[a] person who was not a named party to an action will nonetheless be subject to collateral estoppel arising from that action if that person was in privity with a party or virtually represented by a party."  Cook v. State, 921 So. 2d 631, 635 (Fla. 2d DCA 2005).

The Eleventh Circuit has held that a determination of the issue in the prior litigation must have been a "critical and necessary part" of the judgment. Brown, et al. v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1332 (11th Cir. 2010).

The validity of the allegedly forged February 2000 deed is an issue that was fully litigated in the Original State Action and on which a final decision has been rendered. See section II.A.a., supra, of this report. The resolution of the issue was a critical part of Judge Dugan's final judgment and was part of his oral ruling. (Doc. 62 at 78). Therefore, even if the district judge found that Plaintiff had standing to bring this action, I respectfully recommend that this case be dismissed because Plaintiff is collaterally estopped from re-litigating this issue.

### c. The Complaint Fails to State a Cause of Action and Fails to Specify which Defendants are Subject to which Counts

The Non-City Defendants argue that the complaint is a shot-gun pleading and move to dismiss it for Plaintiff's failure to state a cause of action.[8] (Doc. 41). The City Defendants move for a more definite statement due to their inability "to determine what claims and allegations the Plaintiff makes against them." (Doc. 51). At the hearing, Plaintiff conceded that his complaint was deficient and asked for an opportunity to revise it. Upon due consideration, I recommend that the motions be granted to the extent they seek to dismiss the deficient complaint. I further recommend that the Non-City Defendants'

---

[8] "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); see also Kermanj v. Goldstein, 401 F. App'x 458, 460 (11th Cir. 2010) ("Despite the liberal pleading standards and the leniency granted to pro se litigants, Plaintiff's 35-page, single-spaced complaint failed to provide sufficient, coherent factual allegations to survive a motion to dismiss.").

motion be denied to the extent it seeks a judgment on the pleadings.  For the reasons

articulated in sections II.A.a. and II.A.b. of this report, I respectfully recommend that

Plaintiff's *ore tenus* motion to amend the complaint be denied.

The City Defendants also argue that the Intracorporate Conspiracy Doctrine bars

Plaintiff's conspiracy claim and that FLA. STAT. 768.28 prohibits claims for intentional torts

against municipalities.  (Doc. 51 at 2).  It has already been established that Plaintiff's

complaint is deficient and fails to give the parties specific notice of the claims plead against

them.  Therefore, I find that it is not necessary to further analyze the impact of these

concepts on Plaintiff's claims against the City Defendants.

### B.  Motion for Default Judgment Against Defendant Blue LLC

Plaintiff has asked this Court to enter final default judgment against Defendant Blue

LLC.  (Doc. 40).[9]  Plaintiff argues that he is entitled to a final default judgment because

Defendant Blue failed to demonstrate why the clerk's default (entered in state court) should

be set aside and/or failed to establish any meritorious defenses to the allegations in the

complaint.  (Id.).  Plaintiff has applied the incorrect standard to the default judgment

analysis.  A final default judgment is not a procedural mechanism that automatically flows

from the entry of a clerk's default unless a defendant convinces the court to set it aside.  To

the contrary, a defaulted defendant is not required to prove anything.  The burden of proof

is on the Plaintiff to establish that a final default judgment is proper.

The mere entry of a default by the Clerk does not necessarily require the court to

enter a default judgment.  DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D.

Ala. 2005).  To enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be sufficient

_____

[9] Plaintiff filed his original motion for default on April 9, 2012.  (Doc. 15).  Because it has been superseded by the amended motion for default at docket entry 40, I respectfully recommend that Plaintiff's original motion (Doc. 15) be denied as moot.

basis in the pleadings to support the relief sought.  Id. "The defendant is not held to admit

facts that are not well-pleaded or to admit conclusions of law.  In short . . . a default is not

treated as an absolute confession of the defendant of his liability and of the plaintiff's right

to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th

Cir. 1975).[10]  It has already been established that the operative complaint is deficient.  See

section II.A.c., supra.  Therefore, I conclude that the pleading is insufficient to support the

relief sought.  I respectfully recommend that Plaintiff's motion for default judgment against

Blue LLC (Doc. 40) be denied.

### C.  Motion to Strike Defendant Blue LLC's Motions to Dismiss

Plaintiff has asked this Court to strike three motions to dismiss, filed on behalf of

defaulted Blue LLC.[11]  (Doc. 56). Plaintiff alleges that the motions were filed in response to

his First Amended Complaint.  (Id. at 1).  Plaintiff has since filed a Second Amended

Complaint (Dkt. 39)–the operative complaint in this federal action–which rendered moot

the first Amended Complaint that is the target of Blue LLC's motions.  See Malowney v.

Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n

amended complaint supersedes a previously filed complaint"); see also Meterlogic, Inc. v.

Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the

plaintiff's filing of an amended complaint "rendered moot the parties previous pleadings

and the defendants' summary judgment and Daubert motions").  Accordingly, I respectfully

recommend that Plaintiff's renewed motion to strike Defendant Blue's responses to the

First Amended Complaint (Doc. 56) be denied as moot.

---

[10] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[11] Plaintiff filed his original motion to strike on May 2, 2012.  (Doc. 46). Because it has been superseded by the renewed motion for default at docket entry 56, I respectfully recommend that Plaintiff's original motion (Doc. 46) be denied as moot.

### D.  Motion for Enlargement of Time to Conduct Case Management Conference

Plaintiff has asked for an extension of the deadline to conduct a case management conference with Defendants.  (Doc. 66).  Plaintiff seeks permission "to file his case management report 30 days after Defendant(s) have filed a substantive answer, admitting or denying the factual elements put forth in the complaint."  (Id. at 2).  Because it is my position that this case should be dismissed, I respectfully recommend that the motion for extension of time be denied.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.  Plaintiff's original Motion for Default Judgment (Doc. 15) be **DENIED AS MOOT**;

2.  Plaintiff's Amended Motion for Default Final Judgment By the Court Against Defendant Blue LLC (Doc. 40) be **DENIED**;

3.  Defendants Mark S. Peters, Eisenmenger, Berry & Peters, P.A., Blue LLC, and Martin Greene's Motion to Dismiss with Prejudice or in the Alternative, Motion for Judgment on the Pleadings (Doc. 41) be **GRANTED** to the extent it seeks to dismiss the deficient complaint and **DENIED** to the extent it seeks a judgment on the pleadings;

4.  Plaintiff's original Motion to Strike Defendant Blue LLC's Motion to Dismiss Filed on September 2, 2011 and Defendant Blue LLC's Motion to Dismiss Filed on January 18, 2012 (Doc. 46) be **DENIED AS MOOT**;

5.  Defendants Cocoa Beach, Mark Amaral and Anthony Caravella's Motion to Dismiss and Motion for More Definite Statement (Doc. 51) be **GRANTED**;

6. Plaintiff William Pace's Renewed Motion to Strike All Three Motions to Dismiss Filed on Behalf of Defaulted Defendant Blue LLC (Doc. 56) be **DENIED AS MOOT**; and

7. Plaintiff William Pace's Motion for an Enlargement of Time to Comply with Local Rule 3.05 Regarding a Case Management Conference (Doc. 66) be **DENIED**.

8. In addition, I respectfully recommend that this federal action be dismissed, sua sponte, for Plaintiff's lack of standing.  Alternatively, should the district court determine that Plaintiff has standing, I respectfully recommend that the action be dismissed based upon collateral estoppel.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties