**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIAM E. PACE,

    Plaintiff,

vs.              Case No. 6:12-cv-300-Orl-37TBS

MARK S. PETERS; EISENMENGER,
BERRY & PETERS, P.A.; BLUE, LLC;
MARTIN GREENE; CITY OF COCOA
BEACH; MARK AMARAL; and
ANTHONY CARAVELLA,

    Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.  Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 78), filed September 14, 2012;

2.  Plaintiff William Pace's Objections to the Report and Recommendation (Doc. 79), filed October 4, 2012;

3.  Defendants, Mark S. Peters, Eisenmenger, Berry & Peters, P.A., Blue, LLC, and Martin Green's Response to William Pace's Objection to Report and Recommendation (Doc. 80), filed October 17, 2012; and

4.  Defendants City of Cocoa Beach, Mark Amaral and Anthony Carvella's Notice of Joinder in Defendants Mark S. Peters, Eisenmenger, Berry & Peters, P.A., Blue, LLC and Martin Greene's Response to William Pace's Objection to Report and Recommendation (Doc. 81), filed October 17, 2012.

Upon consideration, the Court hereby adopts the Report and Recommendation as to the standing issue.

## BACKGROUND

Plaintiff brings federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 and state law claims. (Doc. 39.) Plaintiff contends that the claims "[a]ll directly relate to a single factual dispute, that of a land title claim." (*Id.* at 1.) Previously, the Circuit Court in and for Brevard County, Florida, entered a final judgment finding that Blue, LLC, a defendant in the present case, was the owner of a property in which Plaintiff claims to have an interest. (Doc. 76-1, p. 2.) The Second Amended Complaint essentially alleges that various Defendants fraudulently caused the state court to erroneously quiet title in favor of Blue, LLC, conspiratorially caused Plaintiff's due process and equal protection rights to be denied, and intentionally inflicted emotional distress upon him. (Doc. 39.)

Presented with motions to dismiss, motions to strike those motions to dismiss, and motions for default judgment, Magistrate Judge Thomas B. Smith recommended, *inter alia*, that the action be dismissed *sua sponte* for Plaintiff's lack of standing on the ground that Plaintiff failed to demonstrate any legal interest in the property. (Doc. 78, pp. 7, 12.) Plaintiff objected. (Doc. 79.)

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (noting that although the court must make a de novo determination, a de novo hearing is not required). The

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

After a de novo review of the record in this matter, including the objections filed by Plaintiff, the Court agrees with the findings of fact and conclusions of law in Magistrate Judge Smith's Report and Recommendation regarding Plaintiff's lack of standing. Plaintiff objects that his claims "stand independent upon their own merits" (Doc. 79, p. 5) and do not depend on ownership of the property. Standing requires (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Court finds that Plaintiff has not suffered an injury in fact in relation to the federal claims (the claims that would provide the Court with subject-matter jurisdiction if Plaintiff had standing to sue) because he has failed to demonstrate any legal interest in the property or that his due process or equal protection rights were violated. As such, the Court concludes that Plaintiff lacks standing in this matter and accordingly dismisses this case for want of jurisdiction.

The Court thus overrules Plaintiff's objections and adopts Magistrate Judge Smith's analysis and conclusions regarding the standing issue.[1]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 78) is **ADOPTED** and made a part of this Order as to the standing issue.

---

[1] The Court declines to adopt the remainder of Magistrate Judge Thomas B. Smith's Report and Recommendation because the standing issue is dispositive.

2.      Plaintiff William Pace's Objections to the Report and Recommendation (Doc. 79) regarding the standing issue are **OVERRULED**.

3.      Plaintiff William Pace's Second Amended Complaint (Doc. 39) is **DISMISSED WITH PREJUDICE**.

4.      All pending motions are **DENIED AS MOOT**.

5.      The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party

The Honorable Thomas B. Smith